JUSTICE LEAPHART,
dissenting.
¶22 I dissent from issue one and concur with issue two.
¶23 The Court affirms the denial of Rule 11, M.R.Civ.P., sanctions based upon the District Court’s rationale that, although the pleadings may have been in violation of Rule 11, the position taken by Youngwirth in the Pretrial Order was reasonable and not in violation. Thus, since the Pretrial Order supersedes the pleadings, sanctions are not in order. I disagree. In unequivocal terms, Rule 11 states that if a “pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it” an appropriate sanction. (Emphasis added.) The clear language of the Rule does not allow for any “safe harbor” in *308 terpretation whereby a party or attorney who has signed pleadings or motions in violation of the Rule can escape the consequences by adopting a “reasonable” position in the final pretrial order. One of the stated purposes of Rule 11, M.R.Civ.P., is to prevent “unnecessary delay or needless increase in the cost of litigation.” Most of the cost and time associated with litigation is expended prior to the signing of the pretrial order, during the investigative, pleading and discovery stages. If Rule 11 is to have any teeth, its terms must be applied to proceedings leading up to the pretrial order. If litigants are allowed to violate Rule 11 with impugnity prior to the pretrial order, Rule ll’s goals of containing costs and delay are completely defeated.
¶24 I dissent.